**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| CORY HENMAN,<br>Plaintiff,<br><br>v.<br><br>INDIANA HARBOR BELT<br>RAILROAD COMPANY,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CAUSE NO. 2:14-CV-434-JTM-JEM |

**OPINION AND ORDER**

This matter is before the Court on a Plaintiff's Motion to Compel Answers to Deposition Questions [DE 28], filed by Plaintiff on June 25, 2015. Defendant's Response to Plaintiff's Motion to Compel and Motion for a Protective Order was filed by Defendant Indiana Harbor Belt Railroad Company (IHB) on July 15, 2015, and on July 22, 2015, Plaintiff filed a reply.

## I. Background

This is an action under the Federal Employers' Liability Act for an injury Plaintiff sustained at Defendant's rail yard as a result of an accident. Michael Jovanovich is an employee of Defendant who was at the yard office at the time of the occurrence. He did not witness the accident or any of the train movements relating to the occurrence, but provided assistance to emergency response personnel in moving Plaintiff to an ambulance. Neither Jovanovich nor anyone else was disciplined by IHB as a result of the occurrence. Jovanovich appeared at a deposition at the request of Plaintiff. Counsel for Plaintiff questioned Jovanovich about his disciplinary history with IHB and Jovanovich declined to answer. Plaintiff now seeks to compel answers to those questions.

## II. Analysis

Plaintiff argues that if Jovanovich had received favorable treatment in his disciplinary history, he might be inclined to give testimony favorable to Defendant. Defendant argues that

EXHIBIT
tabbies
5

questions about any discipline unrelated to the occurrence is irrelevant to any claims or defenses in this case. Defendant argues that because the questions are a fishing expedition designed to obtain prejudicial information, the motion to compel should be denied, and Defendant also seeks a protective order barring inquiry into unrelated disciplinary matters of IHB employees.

Federal Rule of Civil Procedure 26(b) provides, in relevant part: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or provides evasive or incomplete responses. *See* Fed. R. Civ. P. 37(a). A party objecting to the discovery request bears the burden of showing why the request is improper. *See McGrath v. Everest Nat. Ins. Co.*, 625 F. Supp. 2d 660, 670 (N.D. Ind. 2008). The Court has broad discretion when deciding whether to compel discovery. *See Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) (citing *Packman v. Chi. Tribune Co.*, 267 F.3d 628, 646-47 (7th Cir. 2001); *Rennie v. Dalton*, 3 F.3d 1100, 1110 (7th Cir. 1993)).

Federal Rule of Civil Procedure 26(c) also allows the Court, for good cause, to issue an order to protect a party from discovery "from annoyance, embarrassment, oppression, or undue burden or expense," including "forbidding inquiry into certain matters." Fed. R. Civ. P. 26(c)(1)(D). Rule 26(c) "essentially operates to balance the public's interest in open proceedings against an

individual's private interest in avoiding annoyance, embarrassment, oppression, or undue burden or expense." *Felling v. Knight*, 211 F.R.D. 552, 554 (S.D. Ind. 2003) (quotations omitted). "The party moving for a protective order must establish that good cause exists for the Court to exercise its discretion in entering a protective order." *Nieves v. OPA, Inc.*, 948 F. Supp. 2d 887, 891 (N.D. Ill. 2013).

Plaintiff seeks information from witness Jovanovich about whether he has ever been disciplined by IHB for events other than those that are the subject of the instant lawsuit. Defendant argues that any discipline of witnesses for events unrelated to the occurrence that gave rise to Plaintiff's injury is irrelevant, making Plaintiff's questions nothing more than a fishing expedition for prejudicial information. Plaintiff argues that if any railroad witness has been given favorable treatment in discipline history, that witnesses' credibility might be affected, and that the broad scope of discovery allows for this kind of questioning. Counsel for Plaintiff admits that he has no reason to think that there has been any exchange of favorable treatment for favorable testimony. At the deposition, Jovanovich was not asked whether there was any reason for him to give favorable testimony or if he had received any favorable treatment in exchange for his testimony; instead, Plaintiff's questions were targeted specifically to Jovanovich's discipline history and other personal employment issues.

Plaintiff is correct that the scope of discovery is broad, but it is not unlimited. Broad discovery rules "were never intended to be an excursion ticket to an unlimited exploration of every conceivable matter that captures an attorney's interest . . . [and] '[d]iscovery of matter not reasonably calculated to lead to the discovery of admissible evidence is not within the scope of Rule 26(b)(1).'"

*Miller UK Ltd. v. Caterpillar, Inc.*, 17 F. Supp. 3d 711, 721 (N.D. Ill. 2014) (quoting *Oppenheimer Fund*, 437 U.S. at 352). As Defendant argues, Plaintiff does not provide any reason to think that Jovanovich may be biased, and was asking him for personal information. The deponent was a witness to activities that occurred after the accident, and was being deposed in that role. Although Plaintiff argues broadly that he is entitled to determine whether there is any bias, counsel for Plaintiff admits that he has no reason to think that Jovanovich might be biased. He did not seek any information in discovery about the witness's disciplinary history, and there was no apparent reason to suspect that he was biased at all, let alone that the bias was caused by IHB's treatment of him in disciplinary proceedings. His unsubstantiated desire to find anything in the background of Jovanovich, a person who is not a party to this case and is only testifying as to his role and observations in events that happened after the occurrence, does not justify such a personal fishing expedition into his background, does not appear to be calculated to lead to the discovery of admissible evidence, and is likely to invade his right to privacy. *See, e.g., Baker v. Town of Middlebury*, 753 N.E.2d 67, 72 (Ind. Ct. App. 2001) (noting the important "public policy protecting the privacy rights of individuals with respect to sensitive personnel matters" when finding a right to private employee evaluations in Indiana).

Plaintiff also argues that lack of relevance is not a valid reason for counsel for Defendant to advise the deponent that he need not answer the questions. Although that is generally correct, "irrelevant questions, however, may unnecessarily touch sensitive areas or go beyond reasonable limits . . . [and] refusing to answer may be justified." *Eggleston v. Chi. Journeymen Plumbers' Local Union No. 130, U. A.*, 657 F.2d 890, 903 (7th Cir. 1981). Likewise, Federal Rule of Civil Procedure 30 provides that "[a]t any time during a deposition, the deponent or a party may move to

terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." Fed. R. Civ. P. 30(d)(3)(A).

Questions of employer discipline for events other than those related to the occurrence are not relevant to any claim or defense in this case, particularly where there is no reason to believe that there is any connection between disciplinary history and bias. "Before restricting discovery, the court should consider the totality of the circumstances, weighing the value of the material sought against the burden of providing it, and taking into account society's interest in furthering the truthseeking function in the particular case before the court." *Patterson*, 281 F.3d at 681 (quotation omitted). In this case, the Court concludes that there is no reason to think that the information being sought by Plaintiff – bias because of prior disciplinary treatment – exists. Instead, those questions are likely to cause unreasonable annoyance, embarrassment, and oppression of the deponent, as well as invading his privacy. Not only was it appropriate for the deposition to be limited, but Defendant has also shown good cause for a protective order barring inquiry into unrelated disciplinary matters of other IHB employees to be deposed in this case. *See, e.g., Matter of Ingram Barge Co.*, 306 F.R.D. 184, 187 (N.D. Ill. 2014) (denying a motion to compel and granting a protective order upon a finding that a "personnel file and the draft workplace investigation report [we]re not relevant" where they implicated privacy concerns and did not address the accident being litigated).

## III. Conclusion

For the foregoing reasons, the Court hereby **DENIES** Plaintiff's Motion to Compel Answers to Deposition Questions [DE 28]. The Court **GRANTS** Defendant's Motion for a Protective Order [DE 31] and **ORDERS** that Plaintiff may not question IHB employee witnesses regarding their disciplinary history unrelated to the occurrence that is the subject of this litigation.

Because the motion to compel was denied and a protective order entered, the Court "must, after giving the opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees" unless "the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). Accordingly, the Court hereby **ORDERS** Defendant to **FILE**, on or before **November 5, 2015**, an itemization of its costs and fees, including attorney's fees, incurred in opposing the Motion to Compel along with argument as to why those expenses are reasonable in this situation, with Plaintiff to **FILE** a response to Defendant's request for expenses on or before **November 19, 2015**.

SO ORDERED this 22nd day of October, 2015.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record